IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANGELA Y. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Case No. 4:26-cv-01800-JD<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 31.) The Report addresses the Government's Motion to Dismiss for Lack of Jurisdiction. (DE 9.) It recommends granting the Motion because Plaintiff Angela Y. Thompson instituted this action before satisfying the Federal Tort Claims Act's administrative exhaustion requirement. The Report also recommends denying Plaintiff's motions to stay, compel, and for an extension of time if the recommendation is adopted. (DE 13; DE 18; DE 19.) In the same filing, the Magistrate Judge denied Plaintiff's Motion for Leave to File First Amended Complaint as futile. (DE 27.)

Plaintiff timely objects to the recommendation of dismissal. (DE 35.) The Government filed no reply. After filing her objections, Plaintiff filed a Motion for Relief from Scheduling Order Deadlines, asking the Court to pause or extend the remaining deadlines while the Report and her objections remain pending. (DE 36.)

The Government did not respond to that motion. For the reasons below, the Court overrules Plaintiff's objections, adopts the Report, grants the Government's Motion to Dismiss, dismisses this action without prejudice, and denies Plaintiff's remaining motions as set forth below.

**A. Background**

Plaintiff commenced this medical negligence action in the Horry County Court of Common Pleas on January 20, 2026. She alleges that she suffered injuries and damages from acts or omissions arising from health care she received in December 2025. On February 9, 2026, Plaintiff presented an administrative tort claim concerning the same allegations to the United States Department of Health and Human Services ("HHS"). (DE 9-4 at 1; DE 13; DE 13-2.)

On May 1, 2026, the action was removed to this Court after the United States certified that Defendant Cheryl Watson was acting within the scope of federal employment at the relevant time. (DE 1.) The United States moved to substitute itself as the proper defendant, and the Magistrate Judge granted that motion on May 20, 2026. (DE 4; DE 14.) The United States also moved to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff had not exhausted the FTCA's administrative process before commencing suit. (DE 9.) Plaintiff opposed dismissal and requested, among other relief, that the action be stayed while the administrative process continued. (DE 13.)

The Magistrate Judge entered the Report on June 9, 2026. (DE 31.) Plaintiff filed timely objections on June 17, 2026. (DE 35.) Plaintiff does not seek review of the

Magistrate Judge's separate order denying leave to amend. While the objections remained pending, Plaintiff moved for relief from the Scheduling Order, explaining that the unresolved jurisdictional issue and allegedly outstanding medical and scheduling records had impaired her ability to meet the case deadlines. (DE 36.)

**B. Report and Objections**

The Report concludes that Plaintiff had not exhausted her administrative remedies before instituting this action. It relies on 28 U.S.C. § 2675(a) and *McNeil v. United States*, 508 U.S. 106 (1993), and explains that a prematurely filed FTCA action may not remain pending while the administrative process is completed. (DE 31 at 2–3.) The Report, therefore, recommends dismissal without prejudice. It also concludes that Plaintiff's proposed amended complaint added factual allegations but did not cure the exhaustion defect, and it denied amendment as futile. (*Id.* at 3.)

Plaintiff raises four objections. First, she emphasizes that she originally filed in state court without knowing that the health care defendants were deemed federal employees for FTCA purposes. Second, she asserts that she acted promptly after learning of the federal process and submitted an SF-95 that HHS received on February 9, 2026. Third, she argues that she requested a stay precisely to permit the administrative process to continue rather than to circumvent it. Fourth, she contends that dismissal would create hardship because she is self-represented, relied on the information available when she filed suit, and attempted to comply once she learned of the federal requirements. (DE 35.)

## C. Standard of Review

A magistrate judge's recommendation carries no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of any portion of a Report to which a party makes a specific written objection and may "accept, reject, or modify" the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An objection is sufficiently specific when it "reasonably . . . alert[s] the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). An objection need not present a novel argument; even a restatement of a claim may require de novo review when it clearly identifies the ground of disagreement. *Id.* at 460–61 (discussing *Martin v. Duffy*, 858 F.3d 239, 245–46 (4th Cir. 2017)). Where no specific objection is made, the Court need only "satisfy itself that there is no clear error on the face of the record." *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## D. Discussion

### 1. The FTCA's Administrative-Exhaustion Requirement

The FTCA provides a limited waiver of the United States' sovereign immunity for certain tort claims. 28 U.S.C. §§ 1346(b)(1), 2674. A plaintiff invoking that waiver must satisfy the jurisdictional prerequisites Congress prescribed in 28 U.S.C. § 2675.

*Estate of Van Emburgh v. United States*, 95 F.4th 795, 801 (4th Cir. 2024). The Fourth Circuit has explained that § 2675's administrative-exhaustion requirement contains "three elements": a claimant must present the claim to the appropriate federal agency, state the sum sought, and wait either for a final agency denial or for the agency to fail to make a final disposition within six months after the claim is filed. *Id.* The court also held that "each of these three statutory requirements is jurisdictional." *Id.*

The material chronology resolves the present case. Plaintiff filed this action in state court on January 20, 2026, and presented her administrative claim to HHS on February 9, 2026. The action was removed on May 1, 2026, and the United States was substituted as Defendant on May 20, 2026. At the time of removal, HHS had not finally denied the administrative claim, and less than three months had elapsed since the claim was presented. Plaintiff, therefore, had not satisfied § 2675(a)'s waiting requirement when the action entered federal court.

Fourth Circuit precedent addresses materially the same sequence. In *Plyler v. United States*, the plaintiffs filed a medical malpractice action in South Carolina state court against physicians and learned after filing that the physicians were federal employees. The plaintiffs submitted an administrative claim, and then had the action removed to federal court before the agency denied the claim or six months elapsed. 900 F.2d 41, 42 (4th Cir. 1990). The Fourth Circuit held that, because the exhaustion period had not run when the case was removed, "the district court was required at that point to dismiss for lack of jurisdiction." *Id.* Plaintiff's first, second, and fourth

objections do not distinguish that controlling rule. Even accepting Plaintiff's representation that she did not know of the defendants' federal status when she filed in state court and that she acted promptly after learning of the FTCA process, those circumstances do not distinguish *Plyler* or alter § 2675(a)'s jurisdictional timing requirement.

**2. A Stay Cannot Cure the Premature Action**

Plaintiff's third objection asks, in substance, that the Court preserve this action while the administrative process runs its course. The Supreme Court rejected that approach in *McNeil v. United States*, 508 U.S. 106 (1993). There, a self-represented plaintiff filed an FTCA action before presenting his administrative claim, later presented the claim, and received an agency denial while the federal action remained pending. *Id.* at 108–09. The Supreme Court held that § 2675(a)'s command that an action "shall not be instituted" before administrative exhaustion is "unambiguous." *Id.* at 111. It also explained that, in context, "institute" is synonymous with "begin" and "commence," and that Congress intended "complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112. Accordingly, later exhaustion does not cure a prematurely instituted FTCA action. *Id.* at 111–13.

The Report correctly observed on June 9 that six months had not yet passed since Plaintiff submitted her administrative claim. (DE 31 at 2 n.2.) That six-month period has now elapsed, but the passage of time while this case remained pending does not change the result. *Plyler* is again instructive: although the district court

there held the action in abeyance until the six-month period expired, the Fourth Circuit held that, because jurisdiction was lacking when the action was removed, the court "could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired." 900 F.2d at 42. Thus, whether HHS has since issued a final disposition or, absent one, Plaintiff may now elect to deem the claim denied under § 2675(a), that later development cannot cure this action. The appropriate disposition remains dismissal without prejudice. *See McNeil*, 508 U.S. at 111–13; *Plyler*, 900 F.2d at 42.

Accordingly, Plaintiff's objections do not identify an error in the Report's recommended disposition. The Court, therefore, overrules the objections and adopts the recommendation that the Government's Motion to Dismiss be granted and that this action be dismissed without prejudice.

**3. Plaintiff's Remaining Motions**

The Report recommends denying Plaintiff's motions to stay, compel, and for an extension of time if dismissal is adopted. (DE 13; DE 18; DE 19.) For the reasons stated above, Plaintiff's motion to stay (DE 13) is denied. Because the action is dismissed without prejudice, Plaintiff's motion to compel (DE 18) and motion for an extension of time (DE 19) are denied as moot.

Plaintiff's later Motion for Relief from Scheduling Order Deadlines (DE 36) likewise does not alter the jurisdictional analysis. That motion asks the Court to pause or extend the remaining deadlines pending resolution of the Report and, if the case proceeds, to afford additional time for discovery and expert preparation. Because

the Court dismisses the action without prejudice, there are no remaining scheduling deadlines to modify in this case. The Motion is, therefore, denied as moot.

**E. Conclusion**

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's objections to the Report and Recommendation (DE 35) are OVERRULED;

2. The Report and Recommendation portion of DE 31 is ADOPTED;

3. The Government's Motion to Dismiss for Lack of Jurisdiction (DE 9) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

4. Plaintiff's motions to stay, compel, and for an extension of time (DE 13; DE 18; DE 19) are DENIED;

5. Plaintiff's Motion for Relief from Scheduling Order Deadlines (DE 36) is DENIED AS MOOT; and

6. The Clerk of Court shall enter judgment consistent with this Order and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 23, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within sixty (60) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(B).